UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL GODFREY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN PBSP,<br><br>　　　　Respondent. | Case No. 1:19-cv-01197-LJO-JDP<br><br>ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS, SETTING BRIEFING SCHEDULE, AND DIRECTING SERVICE OF DOCUMENTS<br><br>ECF No. 1<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 2 |

Petitioner Joshua Michael Godfrey, a state prisoner without counsel, seeks a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. It does not plainly appear that petitioner is not entitled to relief. Therefore, we order the government to respond to the petition, set a briefing schedule, and direct service of documents.

Second, petitioner moved this court for the appointment of counsel, stating that he lacks legal education and cannot afford to hire counsel. ECF No. 2. A petitioner in a habeas

1

proceeding does not have an absolute right to counsel. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).

There are three specific circumstances in which appointment of counsel is required in habeas proceedings. First, appointment of counsel is required for an indigent person seeking to vacate or set aside a death sentence in post-conviction proceedings under 28 U.S.C §§ 2254 or 2255. *See* 18 U.S.C. § 3599(a)(2). Second, appointment of counsel may be required if an evidentiary hearing is warranted. *See* Rules Governing § 2254 Cases 8(c). Third, appointment of counsel may be necessary for effective discovery. *See id*. at 6(a). None of these situations are present here.

This court is further authorized to appoint counsel for an indigent petitioner in a habeas corpus proceeding if the court determines that the interests of justice require the assistance of counsel. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196. In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits as well as the ability of the petitioner to articulate his claims without counsel, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We cannot conclude at this point that counsel is necessary to prevent a due process violation. The legal issues currently involved are not exceptionally complicated, petitioner is able to articulate his claims, and petitioner has not yet demonstrated a great likelihood of success on the merits at this early stage in the case. Accordingly, we find that appointed counsel is not necessary to guard against a due process violation and that the interests of justice do not require the appointment of counsel at this time.

**Order**

1. Petitioner's motion for the appointment of counsel is denied. ECF No. 2.
2. Within sixty days of the date of service of this order, respondent must file a response to the petition.

3. A response may be one of the following:

   A. An answer addressing the merits of the petition. Any argument by respondent that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.

   B. A motion to dismiss the petition.

4. Within sixty days of the date of service of this order, respondent must file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* Rules Governing Section 2254 Cases, Rule 5(c).

5. If respondent files an answer to the petition, petitioner may file a traverse within thirty days of the date of service of respondent's answer. If no traverse is filed within thirty days, the petition and answer are deemed submitted.

6. If respondent moves to dismiss, petitioner must file an opposition or statement of non-opposition within twenty-one days of the date of service of respondent's motion. Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served. The motion to dismiss will be considered submitted twenty-eight days after the service of the motion or when the reply is filed, whichever comes first. *See* Local Rule 230(l).

7. Respondent must complete and return to the court within thirty days a form stating whether respondent consents or declines to consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

8. The clerk of the court is directed to serve a copy of this order on the state attorney general or the attorney general's representative.

IT IS SO ORDERED.

Dated: January 28, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.