UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL GODFREY, | Case No.   1:19-cv-01197-NONE-HBK |
| Petitioner, | ORDER DENYING APPOINTMENT OF COUNSEL |
| v. | Doc. No. 20 |
| WARDEN PBSP, | |
| Respondent. | |

Before the Court is Petitioner's motion to appoint counsel. (Doc. No. 20). Petitioner filed a *pro se* Petition for Writ of Habeas Corpus seeking relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner now requests that the Court appoint counsel to represent him in this case due to petitioner's difficulty conducting legal research under his prison's COVID-19 restrictions.

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).   The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel:  (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective

1

discovery; or (2) when the Court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings. The Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations. Further, Petitioner was able to file his habeas petition without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex. To the extent the institution's COVID-19 restrictions are impeding Petitioner's ability to timely comply with a filing deadline, he may seek an extension of time to comply with any Court-ordered deadlines.

Accordingly, Petitioner's Motion for Appointment of Counsel (Doc. No. 20) is **DENIED without prejudice**. Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the Court decides that an evidentiary hearing is warranted in this matter.

IT IS SO ORDERED.

Dated: \_\_\_\_December 7, 2020\_\_\_\_        _____
                                                                  HELENA M. BARCH-KUCHTA
                                                                  UNITED STATES MAGISTRATE JUDGE