# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL GODFREY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN PBSP,<br><br>Respondent. | Case No. 1:19-cv-01197-NONE-HBK (HC)<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

Petitioner Joshua Michael Godfrey ("petitioner" or "Godfrey"), a state prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 1, 2019. (Doc. No. 1). In response, Respondent filed a motion to dismiss. (Doc. No. 19). Petitioner filed an opposition (Doc. No. 22) and Respondent file a reply (Doc. No. 23).

Godfrey is serving a determinate state prison sentence of 31 years and four months. (Doc. No. 23-1); *People v. Godfrey*, No. A157029, 2019 Cal. App. Unpub. LEXIS 5043 (July 30, 2019). The petition challenges, on due process grounds, Godfrey's 2016 disciplinary finding for distribution of controlled substances which resulted, *inter alia*, in Godfrey's loss of 180 days of good-time credit. (*See generally* Doc. No. 1; Doc. No. 23-1 at 11-17). Although Godfrey is serving a determinate sentence, because he was under age 26 at the time of his underlying offenses that resulted in his conviction, he is eligible for periodic youth offender parole suitability

hearings.[1] (Doc. No. 23 at 2). In the motion to dismiss and reply, Respondent argues that Petitioner's claim is not cognizable on habeas review because a favorable judgment for Petitioner would not "necessarily lead to his immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016); (Doc. Nos. 19, 23).

Respondent identifies two avenues from which Petitioner could be released: a grant of parole at a youth offender parole hearing or release after serving his determinate term. (Doc. No. 23 at 2). In the event Petitioner is not released through a youth offender parole hearing and accordingly serves his entire determinate term, Respondent identifies two release date categories: earliest possible release date and maximum possible release date. (*Id*. at 3). Respondent explains that Petitioner's disciplinary finding did not affect Petitioner's maximum possible release date but did postpone Petitioner's earliest possible release date. (*Id*.). Respondent argues that, despite a postponement in Petitioner's earliest possible release date, the actual date of Petitioner's earliest possible release date is indeterminate due to the possibility that Petitioner may be sanctioned with additional losses of good-time credits. (*Id*.). It is unclear, what other factors, if any, may affect a prisoner's earliest possible release date.

Accordingly, it is ORDERED:

1. Within fourteen (14) days from the date of this Order, Respondent shall submit a supplemental brief to address the application of *Nettles* in the context of petitioner's earliest release date. In particular, respondent shall explain how the earliest release date is calculated and what factors, other than a disciplinary action, if any, affect the calculation of this date.

2. Petitioner may, but is not required to, file a response to Respondent's supplemental brief within ten (10) days after receipt of Respondent's supplemental brief.

IT IS SO ORDERED.

Dated: June 1, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Cal. Pen. Code Ann., § 3051, subd. (b)(1).

3