UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL GODFREY,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN PBSP,<br><br>    Respondent. | Case No.  1:19-cv-01197-NONE-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 19) |

Petitioner Joshua Michael Godfrey ("Petitioner" or "Godfrey"), a state prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 1, 2019. (Doc. No. 1, "Petition"). In response, Respondent filed a Motion to Dismiss. (Doc. No. 19). Petitioner filed a construed opposition (Doc. No. 22), and Respondent filed a Reply (Doc. No. 23). The Court ordered Respondent to provide supplemental briefing. (Doc. No. 29). The Respondent provided the briefing (Doc. No. 32), and Petitioner filed a response. (Doc. No. 33). For the reasons stated below, the undersigned recommends the District Court deny Respondent's Motion to Dismiss and direct Respondent to address the Petition on the merits.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# I.  BACKGROUND

Godfrey is serving a conceded[2] determinate 31-year and four-month state prison sentence for his 2010 plea-based conviction for carjacking, robbery and assault with a semi-automatic firearm entered by the San Mateo Superior Court.  (Doc. No. 23-1); *People v. Godfrey*, No. A157029, 2019 Cal. App. Unpub. LEXIS 5043 (July 30, 2019).  Godfrey challenges on due process grounds his 2016 disciplinary violation for distribution of controlled substances which resulted, *inter alia*, in a loss of 180 days of good-time credit.  (*See generally* Doc. No. 1; Doc. No. 23-1 at 11-17).  Despite serving a determinate sentence, Godfrey is eligible for periodic youth offender parole suitability hearings, because he was under age 26 when he committed the underlying offenses that resulted in his conviction.[3]  (Doc. No. 23 at 2).  Therefore, it is possible that Godfrey may be released prior to his determinate term if he is granted parole at a youth offender parole hearing.  (*Id.*).  Godfrey was denied parole at his last parole suitability hearing in January 2020.  (Doc. No. 19 at 7).  In addition to the violation for distribution of controlled substances, Godfrey also had previous disciplinary findings of other "serious" rules violations, which also resulted in loss of various days' credit.  (Doc. No. 23-1 at 23).  Godfrey's next parole hearing is set for January 2027.  (Doc. No. 19 at 7-8).

Respondent in its Motion to Dismiss argues Godfrey's claim is not cognizable under federal habeas review because the restoration of his good-time credits would not "necessarily lead to his immediate or earlier release from confinement," as required by *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).  (*See generally* Doc. No. 19).  Because Godfrey is serving a determinate sentence but was sentenced as a youthful offender, Respondent identifies two avenues from which Godfrey could be released: (1) a grant of parole at a youth offender parole hearing; or (2) release after serving his determinate term.  (Doc. No. 23 at 2).  In the event Godfrey is not released through a youth offender parole hearing and serves his entire determinate term, Respondent identifies

---

[2] Respondent initially believed Godfrey was serving an indeterminate life sentence (Doc. No. 19 at 2) but conceded in its Reply he is serving a determinate sentence.  (Doc. No. 23 at 1).

[3] *See* Cal. Pen. Code Ann., § 3051, subd. (b)(1) (West 2020) ("A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a determinate sentence shall be eligible for release on parole at a youth offender parole hearing during the person's 15th year of incarceration.").

two release date categories: (1) earliest possible release date ("EPRD"); and (2) maximum possible release date ("MPRD").  (*Id*. at 3).  Respondent explains that Godfrey's disciplinary finding did not affect Petitioner's MRPD but acknowledges it did postpone his EPRD.  (*Id*.).  Despite a postponement in Godfrey's earliest possible release date, Respondent argues the <u>actual</u> <u>date</u> of Godfrey's earliest possible release date is indeterminate due to the possibility that he may be sanctioned with additional losses of good-time credits.  (*Id*.) (emphasis added).

The Court ordered supplemental briefing as to what other factors, if any, may affect a prisoner's earliest possible release date.  (Doc. No.  29).  Respondent filed a Supplemental Brief thoroughly explaining the numerous factors that may affect Godfrey's release date.  (*See generally* Doc. No. 32).  To the extent relevant, the undersigned addresses these factors in analyzing why *Nettles* does not bar Godfrey's Petition.

## II.  APPLICABLE LAW

### A.  Standard of Review

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### B.  Cognizable Claims under *Nettles*

"The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).  If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the

3

claim. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via § 1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus," meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Id.* at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973); *Skinner v. Switzer*, 562 U.S. 523, 535 (2011).

### III.  ANALYSIS

Relevant here are the possible release dates that apply to Godfrey, a youthful offender who is serving a determinate term. Respondent identifies two possible avenues of release: (1) release after parole as youthful offender; or (2) release after serving a determinate term as calculated by (i) his earliest possible release date or (ii) his maximum possible release date.

**A. Petitioner's Release After Parole as Youthful Offender Too Remote**

Respondent first argues that in the event Petitioner is released on parole, restoration of his good time credits would not necessarily spell his earlier release. (Doc. No. 23 at 2-3). The Court agrees with Respondent. The mere possibility that an inmate may get an earlier parole review hearing or may have a more favorable outcome from the parole hearing does not meet the *Nettles* "necessarily" requirement. This is so because, in addition to disciplinary infractions, the parole board considers a long list of other factors when determining whether an inmate is eligible for parole. *See* Cal. Code Regs. tit. 15, § 2402(b); *In re Vicks*, 56 Cal. 4th 274, 294-99 (2013) (discussing California's parole system and parole suitability factors). "Because the parole board has the authority to deny parole on the basis of any of the grounds" available to it, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Nettles*, 830 F.3d at 935; *see, e.g., Pettis v. Asuncion*, Case No. CV 16-4241 CBM(JC), 2017 U.S. Dist. LEXIS 33382, at *5 (C.D. Cal. Jan. 26, 2017), adopted by 2017 U.S. Dist. LEXIS 33377, 2017 WL 923895 (C.D. Cal. Mar. 8, 2017) (explaining

that even if petitioner were to have his disciplinary action expunged and his good time credits restored, these actions would not necessarily lead to his earlier release on parole); *Burton v. Adams*, No. 1:09-CV-00354-JLT HC, 2010 U.S. Dist. LEXIS 22960, at *6-7 (E.D. Cal. Feb. 25, 2010) ("The fact that Petitioner may legally accrue credits that can be used in the calculation of his [minimum eligible parole date] has such an attenuated, remote, and speculative bearing upon the sentence that Petitioner may ultimately have to serve before being released on parole that the Court simply cannot predicate habeas jurisdiction upon it.").

### B. Petitioner's Earliest Possible Release Date Not Too Speculative

Respondent secondly argues that whether the restoration of Godfrey's 180-days of good time credits will lead to his earlier release if Godfrey serves his full sentence is too speculative to meet *Nettles*' "necessarily" requirement. (Doc. No. 23 at 3-4). Respondent argues that although the disciplinary action "postponed Godfrey's earliest possible release date, it did not impact his maximum possible release date."[4] (*Id*. at 3). Respondent therefore argues that "postponement of Godfrey's earliest release date—with no change to his maximum release date—does not inevitably lead to his earlier release." (*Id*).

The Court disagrees. Although it is true that Godfrey's MARD was not postponed by the loss of good time credits, his EPRD was postponed. (Doc. No. 23 at 3). Respondent admits "good conduct credits are contingent on good behavior" and "discipline for serious rules violation sometimes includes the forfeiture of credits." (Doc. No. 32 at 2). Admittedly Godfrey's EPRD date will change again—whether through the postponement of the date due to a new disciplinary violation or the advancement of the date due to good behavior or changes in California law—whatever additions or subtractions made, the calculated EPRD date, if Godfrey succeeds on the merits of his Petition, will be less 180 days. In other words, if the 180 days in question are not restored *and* Petitioner is released on his EPRD, that EPRD will include 180 days that, but for

---

[4] An inmate's maximum adjusted release date ("MARD") "is determined by figuring the starting date in the CDCR prison system plus the total prison term imposed minus any pre-prison credits. The MARD remains the same throughout the inmate's incarceration as long as he is not convicted of additional crimes resulting in additional sentences." *Phillips v. McGrath*, No. C 04-2975-CW (PR), U.S. Dist. LEXIS 73762, at *10-11 (N.D. Cal. Sept. 20, 2007). Because Ptitioner was found in violation of a prison rule, not a new crime, his MARD remained unchanged.

5

Godfrey's disciplinary violation, would be included. *See Killensworth v. Godfrey*, No. 2:19-cv-06029-VBF (MAA), 2019 U.S. Dist. LEXIS 221932, at *9 (C.D. Cal. Dec. 19, 2019) (In a § 1983 case, the court noted that because "Plaintiff is not serving a life sentence, restoration of lost good-time credits potentially could impact the length of his sentence."). Thus, restoration of the 180-days loss of good time credit would spell "speedier release" for Godfrey, albeit in the distant future, and falls within the core of habeas relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Godfrey has been sentenced to a determinate term, rendering his situation different from a petitioner sentenced to an indeterminate term. The rule from *Nettles* does not apply to petitioners serving determinate prison terms. *See Moreno v. Eaton*, No. 2:20-CV-0873-WBS-DMC-P, 2021 U.S. Dist. LEXIS 71481, at *3 (E.D. Cal. Apr. 13, 2021). However, Godfrey raises a hybrid situation. Here, in addition to his determinate term, Godfrey has the possibility of parole under California's youth offender law. Most inmates who commit an offense under the age of 26 qualify for the youth offender parole suitability hearing,[5] but not all. *See* Ca. Penal Code §§ 667(b)-(i), 1170.12 (where inmate received death sentence or inmate's controlling offense was sentenced as second or third strike). The California legislature when creating the special offender parole hearing, intended to provide a meaningful opportunity for parole for this sub-class of offenders. *See* Ca. Senate Bill 260 (stating law's intent was to "establish a parole eligibility mechanism that provides a person serving a sentence for crimes that he or she committed as a juvenile the opportunity to obtain release when he or she has shown that he or she has been rehabilitated and gained maturity." And to "create a process by which growth and maturity of youthful offenders can be assessed and a meaningful opportunity for release established."). The undersigned could locate no caselaw from the Ninth Circuit, this District, or other California District Courts that have addressed Godfrey's unique situation in relation to *Nettles*. Taking Respondent's argument to its logical conclusion, however, no inmates with determinate sentences who also benefit from the possibility of an earlier parole date could ever challenge disciplinary violation results on due process grounds. The undersigned does not find the Ninth Circuit

---

[5] The Board must give great weight to factors specific to youth offenders, in addition to the factors that govern considered regular, non-youth offender parole hearings.

intended *Nettles* to apply to inmates such as Godfrey who are serving a determinate sentence with the additional benefit of obtaining release through the possibility of youthful offender parole. Nothing in *Nettles* requires a petitioner to demonstrate an *actual* release date, just a *speedier* release date.  And success on the underlying merits of the petition would achieve that result.

Further, the U.S. Supreme Court has found prisoners have a liberty interest in the duration of their sentences.  A liberty interest can arise from state law where a prisoner can show that the liberty interest in question is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 484 (1976).  A liberty interest is one of "real substance" where the state's action will inevitably affect the duration of a prisoner's sentence. *Id*. at 487.  "[T]he assessment of time credit following a prison disciplinary panel's finding that a prisoner violated prison rules implicates a federally protected liberty interest entitled to procedural protections because the assessment 'will inevitably affect the duration of [the prisoner's] sentence.'" *Pena v. Spearman*, No: C 13-3983 SBA (PR), 2015 U.S. Dist. LEXIS 12787, at *9 (N.D. Cal. Feb. 2, 2015).  The Court cannot find that Godfrey's liberty interest in the duration of his sentence should be removed simply because he is designated as a youth offender.

In sum, the undersigned finds that in the event Godfrey is released on his EPRD, the restoration of his good time credits would lead to his speedier release—making his habeas claim cognizable.  The undersigned finds the rule from *Nettles* not applicable to Godfrey's situation simply because he is eligible for period youth offender parole hearings despite his determinate sentence.  The undersigned recommends Respondent's Motion to Dismiss be denied and Respondent be directed to address the merits of the Petition.

Accordingly, it is **RECOMMENDED**:

Respondent's Motion to Dismiss (Doc. No. 19) be DENIED and Respondent be directed to answer the Petition on the merits.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE