UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL GODFREY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, PBSP,<br><br>Respondent. | Case No. 1:19-cv-01197-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(Doc. No. 39) |

Before the Court is Petitioner's motion for appointment of counsel. (Doc. No. 39). Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed an answer to the petition on October 28, 2021, and Petitioner filed a traverse on December 2, 2021. (Doc. Nos. 38, 40). Petitioner argues that appointment of counsel is appropriate because Petitioner is unable to investigate crucial and disputed facts. (Doc. No. 39 at 7-9). On December 8, 2020, the Court denied Petitioner's previous motion for appointment of counsel. (*See* Doc. No. 27).

As noted in the Court's previous Order, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*.

at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c).

    Based upon the record, the Court finds Petitioner still has not demonstrated that appointment of counsel is necessary.  Petitioner was able to file his habeas petition and his traverse without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex.  Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.  Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the Court will consider appointing counsel to represent Petitioner if, after reviewing the record in further detail, the Court later finds good cause to permit discovery or decides that an evidentiary hearing is warranted in this matter.

    Accordingly, it is ORDERED:

    Petitioner's second motion for appointment of counsel (Doc. No. 39) is **DENIED without prejudice**.

Dated:   December 6, 2021

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE