UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL GODFREY,<br><br>           Petitioner,<br><br>   v.<br><br>WARDEN PBSP,<br><br>           Respondent. | Case No. 1:19-cv-01197-JLT-HBK (HC)<br><br>ORDER DIRECTING CLERK TO PROCESS NOTICE OF APPEAL<br><br>(Doc. No. 46) |

This matter comes before the Court upon sua sponte review of the file. Petitioner Joshua Michael Godfrey is a state prisoner who initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). On June 29, 2022, the undersigned entered Findings and Recommendations recommending that the Petition be denied and the Court decline to issue a certificate of appealability. (Doc. No. 44). On August 1, 2022, Petitioner filed a Notice of Appeal accompanied by a Motion to Proceed *In Forma Pauperis*. (Doc. Nos. 45, 46). Applying the mailbox rule given Petitioner's incarcerated status, his Notice of Appeal and Motion to Proceed *In Forma Pauperis* were constructively filed on July 12, 2022, the date Petitioner signed the documents and stated he delivered them to correctional officials for mailing.[1] On August 2, 2022, the Court adopted the Findings and Recommendations and declined to issue a

---

[1] *Houston v. Lack*, 487 U.S. 266 (1988).

certificate of appealability, and judgment was entered the same day.  (Doc. Nos. 47, 48).  As of the date of this Order, the Clerk of Court has not processed the Notice of Appeal.

A magistrate judge's findings and recommendations are not an appealable final order absent consent from the parties under 28 U.S.C. § 636(c).  *See Serine v. Peterson*, 989 F.2d 371, 372-73 (9th Cir. 1993).  However, the Supreme Court has "has defined the circumstances under which a premature appeal qualifies as a timely appeal" under Fed. R. App. P. 4(a)(2) as it "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment."  *Kennedy v. Applause, Inc*., 90 F.3d 1477, 1482-83 (9th Cir. 1996) (citing *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991) ("In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment.")).

Here, Petitioner filed the Notice of Appeal prematurely, as it was submitted before the magistrate's Findings and Recommendations were adopted by the Court.  (Doc. No. 46).  However, the Notice of Appeal indicates Petitioner was appealing the "entry of judgment" entered on June 29, 2022— the date the Findings and Recommendations were issued.  (Doc. No. 44, 46).  In light of Plaintiff's pro se status, the Court presumes he is an unskilled litigant who filed the Notice of Appeal under the "mistaken belief" that the Findings and Recommendations were an appealable final judgment.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (instructing federal courts to liberally construe the "inartful pleading[s]" of pro se litigants).

Whether Petitioner's Notice of Appeal was filed prematurely or falls within the ambit of Fed. R. App. P. 4(a)(2) is properly for the Court of Appeals.  Thus, the Court will direct the Clerk of Court to process the appeal and forward Petitioner's motion to proceed on appeal to the Ninth Circuit for handling as they deem appropriate.

////

Accordingly, it is **ORDERED**:

The Clerk of Court shall process the Notice of Appeal (Doc. No. 46) and forward

Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. No. 45) to the Ninth Circuit and terminate the Motion from the Court's docket.

Dated:    January 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3